# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA A. STELMACH :
: CIVIL NO. 09-3073
v. :
:
MICHAEL J. ASTRUE, Comm'r of :
Soc. Sec. :

## ORDER

Plaintiff Patricia A. Stelmach seeks review of the Commissioner's denial of her SSA Disability Insurance Benefits claim. 42 U.S.C. §§ 401-433, 1383(c)(3). I referred the matter to a Magistrate Judge for a Report and Recommendation. *(Doc. No. 11.)* Plaintiff now objects to the Recommendation that I uphold the ALJ's denial of benefits. *(Doc. No. 19.)* I will overrule Plaintiff's objections and adopt the Report and Recommendation.

### I.  STANDARD OF REVIEW

The extent of my review of the Magistrate's Report is committed entirely to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

In reviewing an ALJ's decision, I may uphold only those findings that are supported by "substantial evidence." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. §

1

405(g)). Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552 (1988)). It ranges from "more than a mere scintilla of evidence [to] . . . less than a preponderance." Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

## II. PLAINTIFF'S OBJECTIONS

Plaintiff based her disability claim on a number of ailments, including seizure disorder and depression. *(Doc. No. 9 at 1.)* In rejecting Plaintiff's application, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform a range of sedentary to light work. She can lift and carry no more than 10 pounds occasionally. She can stand and walk at least two hours and up to four hours in an eight hour workday with normal breaks. She has no limitation on her sitting. She must avoid exposure to hazards such as unprotected heights and moving machinery . . . .

*(R. at 23.)*

Plaintiff contends that the Magistrate's agreement with the ALJ is erroneous because the ALJ: (1) failed to provide a basis for discrediting the testimony of Plaintiff and two of her witnesses; (2) failed to address Plaintiff's condition before January 2007, including evidence from Plaintiff's treating physician; and (3) failed to consider the side effects of Plaintiff's medications. *(Doc. No. 19 at 1-3.)*

### A. Testimony of Jodi Freed, Jacqueline Stelmach, and Plaintiff

Plaintiff argues that in finding that Plaintiff had the residual capacity for sedentary or light work, the ALJ did not adequately address the testimony of Plaintiff's nurse, Jodi Freed; her daughter, Jacqueline Stelmach; and Plaintiff herself. See 20 C.F.R. § 404.1529(a). In fact, the ALJ addressed their testimony in detail. The ALJ recounted: Ms. Freed's testimony about Plaintiff's seizures, including the resulting injuries; Ms. Stelmach's testimony that Plaintiff is

2

unable to do housework, needs assistance carrying out everyday activities, and her statement that "things are getting worse"; and Plaintiff's testimony that "she is tired, light-headed, and has nausea .... [and] memory problems, long term." *(R. at 27-30.)*

The ALJ balanced that testimony against Plaintiff's testimony that she: cooks, does laundry, and does the dishes; goes on errands with her daughter; and travels from her home in Sladington, Pennsylvania to Philadelphia to visit friends and family every three months. *(Id. at 26.)* The ALJ also considered medical reports and testimony from various treating physicians and an independent medical expert, including testimony that Plaintiff "can stand and walk at least two hours," and that her medical record "did not support a less than sedentary capability." *(Id. at 24-30.)* The ALJ thus concluded that, "[b]ased on [Plaintiff's] treatment regimen and her activities of daily living, it is found that [her] subjective complaints of disabling pain and other symptoms exceed what the evidentiary record supports and are not fully credible." *(Id. at 30.)*

In challenging this finding Plaintiff relies primarily upon a regulation that provides:

> We will consider all of your statements about your symptoms, such as pain, and any description you, your treating source or nontreating source, or other persons may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled ....

20 C.F.R. § 404.1529(a). The ALJ was thus not required to credit all testimony Plaintiff offered in support of her claim. See id. ("We will ... determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the ... evidence."); see also Harkins v. Comm'r of Soc. Sec., No.09-4733, 2010 WL 3933488, at *4 (3d Cir. 2010) (ALJ properly discredited claimant's testimony "because it conflicted with the medical evidence and with the evidence of [claimant's] ability to perform daily tasks"); Wright v. Comm'r of Soc. Sec., 386 Fed. Appx. 105, 109 (3d Cir. 2010)

3

(ALJ properly discredited claimant's testimony where "the record lack[ed] objective medical evidence supporting [claimant's] subjective complaints").

In these circumstances, I conclude that the ALJ appropriately considered the testimony of Plaintiff, Ms. Freed, and Ms. Stelmach. The ALJ's residual capacity finding is amply supported. Accordingly, I overrule Plaintiff's objection.

### B. Plaintiff's Condition before January 2007

Plaintiff also argues that the ALJ "failed to adequately address [Plaintiff's] condition prior to [January 2007], nor did he adequately address [the] November 2005 finding [of Plaintiff's treating physician, Dr. Sperling] that she was unable to work due to her uncontrolled seizure disorder." *(Doc. No. 19 at 2.)*

In finding that Plaintiff's seizures did not prevent her from working, the ALJ addressed at length Plaintiff's pre-January 2007 medical history. *(Id. at 22, 23, 28.)* The ALJ noted the dates of Plaintiff's seizures before January 2007: July 16, 2006; June 23, 2006; May 2, 2006; and November 14, 2005. *(Id. at 22.)* The ALJ also noted Dr. Sperling's December 2005 report describing the seizures as "intractable." *(Id. at 28.)* The ALJ then recounted, in detail, Plaintiff's medical history since 2005, including Dr. Sperling's statement in 2006 that Plaintiff would be capable of "low stress jobs." *(Id.)* The ALJ weighed Plaintiff's earlier medical history against evidence that in 2007 a medication adjustment improved Plaintiff's seizure condition and a statement by another treating physician, Dr. Snyder, in June 2007 that "[Plaintiff] had been doing absolutely great since her last visit." *(Id.)*

The ALJ is not required to deem credible a treating physician's assessment that a claimant is unable to work. See 20 C.F.R. §§ 404.1527(c)(1)-(3); see also Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203 n.2 (3d Cir. 2008) ("The applicable regulations provide that '[a]

4

statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.'"). Here, Dr. Sperling's assessment changed from 2005 to 2006. The ALJ properly considered this medical history, including the assessments of Drs. Sperling and Snyder, in finding that Plaintiff's seizures did not prevent her from working. Because that finding is amply supported, I will overrule Plaintiff's objection.

### C. Side Effects of Medication

Finally, Plaintiff argues that "the ALJ failed to take into account the side effects of her medications, particularly fatigue, and to properly evaluate this issue" and "[t]he Honorable Magistrate Judge also failed to address this argument." *(Doc. No. 19 at 3.)*

The ALJ addressed Plaintiff's testimony that her medicine has side effects, making her tired, light-headed, and nauseous. *(R. at 26.)* He concluded that Plaintiff's description of her symptoms was "not entirely credible" based on other evidence. *(R. at 27.)* As I described earlier, that evidence related to Plaintiff's activities and medical history. *(Id. at 25-28.)* In making his credibility finding, the ALJ thus properly "consider[ed] all [Plaintiff's] symptoms, including pain, and the extent to which [Plaintiff's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). Once again, because his finding is amply supported, I will overrule Plaintiff's objection.

### III. CONCLUSION

The ALJ's findings are plainly supported by substantial evidence. Accordingly, I will overrule Plaintiff's objections and accept and adopt the Magistrate Judge's Report and Recommendation.

5

AND NOW, this 1st day of March, 2011, upon consideration of Magistrate Judge M. Faith Angell's Report and Recommendation, Plaintiff's objections, Defendant's response to the objections, and all related filings, **IT IS ORDERED** that:

1. Plaintiff's objections are **OVERRULED** *(Doc. No. 19)*;

2. The Report and Recommendation is **APPROVED** and **ADOPTED** *(Doc. No. 18)*;

3. Plaintiff's Motion for Summary Judgment is **DENIED** *(Doc. No. 9)*;

4. The Commissioner's decision denying disability insurance benefits to Plaintiff is **AFFIRMED**; and

5. The Clerk of Court shall **CLOSE** this case for statistical purposes.

**IT IS SO ORDERED.**

/s/ Paul S. Diamond
Paul S. Diamond, J.